# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

STEVEN HODGE

        Plaintiff,

v.

ABACO, LLC

        Defendants.

Civ. No.: 1:20-cv-00825(LLS)

---

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

---

SAMUEL J. SAMARO
**PASHMAN STEIN WALDER HAYDEN, P.C.**
21 Main Street, Suite 200
Hackensack, NJ 07601
(201) 488-8200
Attorneys for Plaintiff

On the Brief:
Samuel J. Samaro, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................................1

LEGAL ARGUMENT.......................................................................................................2

    1.  The At Will Presumption does not Apply to this Case.......................................2

    2.  The Agreement is for a Term of Five Years.....................................................3

    3.  The Termination Provision is Vague and Ambiguous.......................................5

    4.  The Bonus Claim .........................................................................................6

CONCLUSION................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*Alpern v. Hurwitz,*
  644 F.2d 943\ (2d Cir. 1981) ......................................................................................... 3

*D'Amato v. Five Star Reporting, Inc.,*
  80 F.Supp.3d 395 (E.D.N.Y. 2015) ............................................................................. 4

*Gallagher v. Savarese,*
  2001 WL 1382581 *4 (S.D.N.Y. 2001) ....................................................................... 3

*Hunt Ltd. v. Lifschultz Fast Freight, Inc.,*
  889 F.2d 1274, (2d Cir. 1989) ..................................................................................... 3

*Rooney v. Tyson,*
  91 N.Y.2d 685 (1998) ............................................................................................... 4, 5

*Rothenberg v. Lincoln Farm Camp, Inc.,*
  755 F.2d 1017 (2d Cir. 1985) ................................................................................... 2, 5

*Sayers v. Rochester Tel. Corp. Supplemental Management Pension Plan,*
  7 F.3d 1091, 1095 (2d Cir. 1993) ................................................................................ 4

*Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.,*
  487 F.3d 89, 110 (2d Cir. 2007) .................................................................................. 6

*Yurman v. Printex Packaging Corp.,*
  2008 WL 11417672 *6 (E.D.N.Y. 2008) ...................................................................... 3

*Zurich American Insurance Co. v. ABM Industries, Inc.,*
  397 F.3d 158, 164 (2d Cir. 2005) ................................................................................ 3

## PRELIMINARY STATEMENT

There is controlling case law on the question of whether durational language in an employment agreement creates an exception to the at will presumption.  Those cases are not cited in Defendant's motion papers, and they stand for the proposition that this motion has no merit.  It should be denied.

1. **The At Will Presumption does not Apply to this Case**

As Defendant points out, the operative language in the offer letter is as follows:

> **Employment Relationship.** It is anticipated that your employment with
> the Company will be for a minimum period of five 5 years. During the first
> three years, it is intended that you will focus on developing NY based
> accounts to be serviced.  In the following two years the focus will shift to
> succession planning.

> \*                       \*                       \*

> **Termination.**  Following the usual practice, the Company reserves the right
> to terminate employment [sic] for just cause without notice and without
> payment in lieu of notice.  The Company will be entitled to terminate your
> employment for any reason other than for just cause, upon providing to you
> such minimum notice as required by law.

Defendant's argument is that the provision captioned "Termination" clarifies what is meant

by the provision captioned "Employment Relationship."  [Defendant's Brief at 7]  Because the law

does not require notice, Defendant argues, it can terminate Plaintiff's employment any time.[1]

Defendant's argument is undermined by *Rothenberg v. Lincoln Farm Camp, Inc.,* 755 F.2d

1017, 1020-21 (2d Cir. 1985).  In that case, the Second Circuit described the long-standing rule

that under New York law, "an employment agreement for a definite term may not lawfully be

---

[1] Defendant repeatedly claims that Plaintiff's failure to attach the offer letter to the complaint is
evidence of an intent to hide the document from the Court.  Putting to one side the obvious – that
filing a federal lawsuit on an agreement one wishes to hide is ludicrous – there is no obligation to
attach the agreement to the initial pleading.  *See* Fed R. Civ. P. 8(a)(2) ("A pleading that states a
claim for relief must contain . . . a short and plain statement of the claim showing the pleader is
entitled to relief"); *see also* Fed R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and
direct.  No technical form is required.").

terminated by the employer, prior to the expiration of date in the absence of good cause." *Ibid*, quoting *Alpern v. Hurwitz*, 644 F.2d 943, 945 (2d Cir. 1981).  Most significantly for present purposes, the *Rothenberg* holding includes the following additional pronouncement: "**This rule applies even where the employment contract, by its terms, purports to reserve to the employer the right to terminate the contract at will.**" *Ibid* [emphasis added]  *Rothenberg's* holding has been followed a number of times by trial courts in this Circuit.  *See e.g., Gallagher v. Savarese*, 2001 WL 1382581 *4 (S.D.N.Y. 2001); *Yurman v. Printex Packaging Corp.,* 2008 WL 11417672 *6 (E.D.N.Y. 2008).

Accepting for the moment that the provision captioned "Termination" constitutes an attempt to reserve the right to terminate the contract at will – by no means clear, as demonstrated in section 3 of this brief - it does not change the fact that in the absence of good cause, Defendant could not lawfully terminate Plaintiff before the agreement's expiration.

## 2. **The Agreement is for a Term of Five Years**

Deprived of its primary argument for dismissal by controlling case law, it is possible that Defendant will shift gears now and claim that the provision captioned "Employment Relationship" does not promise employment for five years.  But in order for Defendant to obtain judgment as a matter of law on that question, this Court would have to determine that the language plainly and unambiguously <u>does</u> <u>not</u> promise five years of employment. *See Zurich American Insurance Co. v. ABM Industries, Inc.,* 397 F.3d 158, 164 (2d Cir. 2005). "Contract language is not ambiguous if it has a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Hunt Ltd. v. Lifschultz Fast Freight, Inc.,* 889 F.2d 1274, 1277 (2d Cir. 1989).

3

There is simply no principled way to conclude that the operative language here - "[i]t is anticipated that your employment with the Company will be for a minimum of 5 years" – is susceptible to no interpretation that Plaintiff was promised a five-year contract.  It is submitted that any lack of definiteness introduced by the word "anticipated" vanishes when the reader reaches the phrase "minimum of five years," and that a reasonable person receiving such an offer would believe that he was being offered a five-year contract. *Sayers v. Rochester Tel. Corp. Supplemental Management Pension Plan,* 7 F.3d 1091, 1095 (2d Cir. 1993)(ambiguity exists when reasonably intelligent people could disagree on meaning)  Any doubt about that question would have to be resolved against Defendant as the drafter.  *D'Amato v. Five Star Reporting, Inc.,* 80 F.Supp.3d 395, 412 (E.D.N.Y. 2015)(noting that ambiguous agreements construed against drafter). And finally, there is guidance from the New York Court of Appeals, again not cited by Defendant, that strongly implies that under New York law, the offer letter is a five-year employment contract.

In *Rooney v. Tyson,* 91 N.Y.2d 685, 691 (1998), the New York Court of Appeals noted that when employment agreements are silent as to duration, the relationship is presumptively at will. However, that presumption applies "[o]nly when [the court] discern[s] no term of some definiteness or no express limitation. . . ." *Ibid.*  When the agreement evinces a "sufficiently limiting framework," the agreement is not at will but for the term suggested by the contract. *Ibid.* On the question of "sufficiently limiting framework," the *Rooney* Court noted, "New York's jurisprudence is supple and realistic, and surely not so rigid as to require that a definite duration can be found only in a determinative calendar date." *Id.* at 620.

4

It is submitted that under *Rooney* the operative language in the offer letter constitutes a "sufficiently limiting framework." At a minimum, there is no basis to rule as a matter of law that the offer is not a five-year contract. The motion should be denied.

3. **The Termination Provision is Vague and Ambiguous**

Even in the absence of the *Rothenberg* rule, the Termination provision would not support an argument that Plaintiff was employed on at will basis. The reason is that it does not clearly and unambiguously state that Defendant has an unfettered right to terminate Plaintiff's employment at any time.

The first sentence of the provision – to the effect that Defendant reserves the right to terminate Plaintiff's employment at any time for cause – simply tracks the state of New York law when there is an enforceable agreement for a term of years. *Rothenberg, supra,* at 1020-21 (noting that a contract of employment for a definite term may not be lawfully terminated absent good cause). The second sentence does not provide that Plaintiff can be terminated for any reason other than just cause **at any time**. Instead, it provides that a termination other than for just cause is only permissible "upon providing to you such minimum notice as required by law." Defendant argues that because no notice is required under law, it could discharge Plaintiff at any time. [Defendant's Brief at 7] However, that argument is circular. No notice is required under law when the employment is at will. When employment is for a term of years, the notice required tracks the unexpired duration of the agreement. *Rothenberg, Ibid.* Defendant's interpretation of the provision is no more plausible than Plaintiff's. Because Defendant's burden on this motion is to eliminate all reasonable doubt on what the provision means, even in the absence of the *Rothenberg* rule, this motion would have to be denied.

4. **The Bonus Claim**

"It has long been established in New York that a breaching party is liable for all direct and proximate damages which result from the breach." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc., 487 F.3d 89, 110 (2d Circ. 2007).* Assuming that Plaintiff proves that Defendant breached his five-year employment agreement, the bonus that he was entitled to after 12 continuous months of employment will be an element of damages. Defendant's argument that the bonus "claim" must be dismissed requires a finding that Plaintiff's dismissal was lawful. Because it is not entitled to such a finding as a matter of law, there is no basis to dismiss the bonus "claim."

## CONCLUSION

For all of the above-referenced reasons, the motion to dismiss must be denied.

PASHMAN STEIN WALDER HAYDEN
A Professional Corporation
*Attorneys for Plaintiff*
Steven Hodge

By:  /s/ Samuel J. Samaro
Samuel J. Samaro
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
(201) 488-8200

Dated: March 23, 2020