USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/20

MEMORANDUM & ORDER

Steven Hodge v. Abaco, LLC,
20 Civ. 0825 (LLS)

In this diversity action plaintiff Hodge claims that in 2018 he contracted to be employed by defendant Abaco as a Senior Loss Adjuster at a salary of $150,000, a bonus and other benefits. His complaint states that "the April 14, 2018 contract stated that Hodge's employment with Abaco would be for a minimum period of five years", Complt ¶9, but that in breach of it, Abaco terminated his employment on July 19, 2019. Id. ¶20.

Hodge asserts that "the April 19, 2018 contract guaranteed his employment with Abaco for a minimum of five years, a definite period of time." Id. ¶25.

In fact, it did not. There was no such guarantee. The April 19, 2018 agreement provided Hodge's "salary will be subject to adjustments pursuant to the Company's employee compensation policies in effect from time to time." Agreement, "Cash Compensation" p.1. The agreement, which "anticipated" a minimum of five years, did not commit either party to it, nor use words such as "guarantee" or "promise." On the contrary, the entire portion dealing with that subject was in terms not of obligations, but of intentions and expectations:

> Employment Relationship. It is anticipated that your employment with the Company will be for a minimum period of five years, During the first five years, it is intended that you will focus on developing NY accounts to be serviced. In the following two years the focus will shift to succession planning.
>
> Agreement p. 3

Standing alone, and making every inference in favor of plaintiff, that might indicate a tacit obligation to hire him for five years. But the contract, which Hodge signed negates any such speculation. On the same page it states that Hodge may be fired "at any time" for just cause, and be terminated without just cause by merely giving legal notice:

> Termination. Following usual practice, the Company reserves the right to terminate employment of any employee for just cause at any time without notice and without payment in lieu of notice. The company will be entitled to terminate your employment for any reason other than just cause, upon providing to you such minimum notice as required by law.
>
> Agreement p. 3

Since under the contract Abaco had the unfettered right to terminate Hodge's employment "for any reason" just by giving notice, Abaco moves for dismissal of his claim for breach of contract (his other claims have been dropped or abandoned). Abaco's actions fit comfortably within the rights expressly reserved to it under the contract, and its motion is granted.

The Clerk will enter judgment dismissing the complaint, with costs and disbursement to Abaco according to law.

So Ordered.

Dated: March 31, 2020

Louis L. Stanton
Louis L. Stanton
U.S.D.J

-1-