**MANDATE**

20-1186-cv
*Hodge v. ABACO, LLC*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/2020

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty.

PRESENT:  BARRINGTON D. PARKER,
          DENNY CHIN,
                    *Circuit Judges*,
          JANE A. RESTANI,
                    *Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN HODGE,

       *Plaintiff-Appellant*,

    -v-                                        20-1186-cv

ABACO, LLC,

       *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

[*] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | SAMUEL J. SAMARO, Pashman Stein Walder Hayden, P.C., Hackensack, New Jersey. |
| FOR DEFENDANT-APPELLEE: | MICHAEL J. DEE, O'Toole Scrivo, LLC, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Stanton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Steven Hodge appeals the district court's judgment, entered March 31, 2020, dismissing his complaint against defendant-appellee Abaco, LLC ("Abaco").  By memorandum and order entered the same day, the district court granted Abaco's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Hodge began working for Abaco on October 1, 2018.  Prior thereto, the parties had executed an offer letter (the "Offer Letter") summarizing the "terms and conditions of [Hodge's] anticipated employment" with Abaco.  App'x at 14.  In relevant part, the Offer Letter stated:

> **Employment Relationship**. It is anticipated that your employment with the Company will be for a minimum period of five 5 years. During the first three years, it is intended that you will focus on developing NY based accounts to be serviced. In the following two years the focus will shift to succession planning. . . .

2

> **Termination**. Following usual practice, the Company reserves the right to terminate employment of any employee for just cause at any time without notice and without payment in lieu of notice. The Company will be entitled to terminate your employment for any reason other than for just cause, upon providing to you such minimum notice as required by law.

App'x at 16. On July 19, 2019, less than a year after he started, Abaco terminated Hodge's employment.

Hodge filed this action below for breach of contract, alleging that Abaco violated the terms of the Offer Letter by terminating his employment before five years. The district court disagreed, and granted Abaco's motion to dismiss. Hodge now appeals.

"We review *de novo* a district court's grant of a motion to dismiss, including . . . its interpretation of contractual terms." *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015). "In New York, it has long been settled that an employment relationship is presumed to be a hiring at will, terminable at any time by either party." *Baron v. Port Auth. of N.Y. and N.J.*, 271 F.3d 81, 85 (2d Cir. 2001) (internal quotation marks and citation omitted). A party can rebut this presumption "by establishing an express limitation in the individual contract of employment curtailing an employer's right to terminate at will." *Id.* (internal quotation marks and citation omitted).

3

Hodge argues that the "durational language" in the Offer Letter "implied the existence of a five-year employment contract." Appellant's Br. at 16. But the parties' "anticipat[ion] that [Hodge's] employment with [Abaco] will be for . . . five [] years," App'x at 16, does not amount to a promise. As the district court noted, the Offer Letter used this language to refer to "intentions and expectations," not guarantees. App'x at 20; *see also, e.g.*, App'x at 16 ("It is anticipated that your presence in the New York market will have a significant positive impact on the Company's business in the USA."). Moreover, Abaco also expressly reserved the right to terminate Hodge's employment at will. *See* App'x at 16 ("The Company will be entitled to terminate your employment for any reason other than for just cause, upon providing to you such minimum notice as required by law.").

Hodge argues that because Abaco promised him five years' employment, the "minimum notice" required by law runs to the end of that five-year period. *See* Appellant's Br. at 17 ("[T]he term of the contract is itself legal notice. If the employment was at will, there was no obligation to provide Appellant with notice."). We are unpersuaded. There was no such promise in the Offer Letter, and Hodge has failed to identify any law imposing a notice requirement on Abaco's right to terminate his employment in the circumstances here.

4

We have considered Hodge's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

          FOR THE COURT:
          Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit